IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANCELYN WALKER, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WEST SHORE HOME, LLC<br><br>Defendant. | Case No. 1:25-cv-01179-JFS<br>(Judge Joseph F. Saporito, Jr.)<br><br>**CLASS ACTION COMPLAINT** |

1. Denied, except West Shore Home admits only that plaintiff purports to bring this action against West Shore Home under the TCPA. West Shore Home denies all allegations of wrongdoing, denies that it violated any law, and denies that plaintiff or any putative class member is entitled to any relief by reason of any of the allegations in the complaint and denies that the Court can or should certify any class.

2. Denied.

3. Denied, except West Shore Home admits only that it does not currently contest that the Court has subject matter jurisdiction over plaintiff's claim. West Shore Home reserves all rights to object to the Court's subject matter jurisdiction as circumstances warrant. West Shore Home denies liability, denies that plaintiff or any putative class member is entitled to any relief by reason of any of the allegations in the complaint, and denies that the Court can or should certify any class.

4. Denied, except that West Shore Home does not currently contest venue. West Shore Home denies liability, and denies that plaintiff or any putative class member is entitled to any relief by reason of any of the allegations in the complaint.

5. Denied, except West Shore Home admits only that it caused to be delivered certain calls to plaintiff after obtaining plaintiff's prior express written consent to do so.

6. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

7. Admitted.

8. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

9. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

10. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

11. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

12. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

13. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

14. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

15. Denied, except West Shore Home admits only that West Shore Home called plaintiff from telephone number (855) 840-4926 twelve times in May 2025 after obtaining her prior express written consent to do so.

16. Denied, except West Shore Home admits only that it left plaintiff a voicemail on May 9, 2025, after obtaining her prior express written consent to do so, that stated: "Hi this is Jeff giving you a call from West Shore Home. We received your inquiry for some information about a home improvement project and I just wanted to see how we could help you out. If you would please give me a call back at (855) 441-1572. I look forward to speaking with you. Thank you and have a great day."

17. Denied, except West Shore Home lacks knowledge or information sufficient to form a belief about whether plaintiff rejected the call on May 16, 2025, and denies on that basis.

18. Denied, except West Shore Home lacks knowledge or information sufficient to form a belief about whether plaintiff rejected the call on May 19, 2025, and denies on that basis.

19. Denied, except West Shore Home lacks knowledge or information sufficient to form a belief about whether plaintiff rejected the calls on May 20, 2025, and denies on that basis.

20. Denied, except West Shore Home lacks knowledge or information sufficient to form a belief about whether plaintiff rejected the call on May 21, 2025, and denies on that basis.

21. Denied, except: (a) West Shore Home lacks knowledge or information sufficient to form a belief about whether plaintiff does not recall the person's name and therefore denies on that basis; and (b) West Shore Home admits only that it called plaintiff on May 30 after obtaining her prior express written consent to do so and someone purporting to be plaintiff answered the phone.

22. Denied, except that West Shore Home admits only that the individual identified himself as calling from West Shore Home.

23. Denied, except that West Shore Home admits only that the individual stated that plaintiff had shown interest in getting some new windows for her home.

24. Denied, except that West Shore Home admits only that plaintiff asked how the caller got her telephone number.

25. Denied.

26. Denied, except: (a) West Shore Home lacks knowledge or information sufficient to form a belief about when plaintiff's telephone number was registered

4

with the DNC registry and therefore denies on that basis; and (b) West Shore Home admits only that it called plaintiff's number 12 times in May 2025 after obtaining her prior express written consent to do so.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied, except that West Shore Home admits only that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations pursuant to 47 U.S.C. § 227(c)(5).

32. Denied, except that West Shore Home admits only that plaintiff purports to seek to bring this complaint under Rule 23 and to represent a class. West Shore Home denies that plaintiff or any putative class member is entitled to relief by reason of the allegations in the complaint and denies that the Court can or should certify any class.

33. Denied, except that West Shore Home admits only that plaintiff purports to seek to certify a class. West Shore Home denies that plaintiff or any putative class member is entitled to relief by reason of the allegations in the complaint and denies that the Court can or should certify any class.

34. Denied.

35. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

47. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

48. West Shore Home lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. West Shore Home incorporates by reference its responses to the preceding paragraphs of the complaint.

61. Denied, except West Shore Home admits only that the allegations purport to cite to an FCC ruling.

62. Denied.

63. Denied, except West Shore Home admits only that the allegations purport to quote part of 47 C.F.R. § 64.1200(c).

64. Denied, except West Shore Home admits only that the allegations purport to quote part of 47 C.F.R. § 64.1200(e).

65. Denied, except West Shore Home admits only that the allegations purport to quote part of 47 U.S.C. § 227(c).

66. Denied.

67. Denied.

68. Denied.

\*\*In response to the unnumbered section entitled "Prayer for Relief," West Shore Home denies all allegations of wrongdoing, denies that it violated any law, and denies that plaintiff or any putative class member is entitled to any relief by reason of any of the allegations in the complaint and denies that the Court can or should certify any class.

\*\*In response to the unnumbered section entitled "Demand for Jury Trial," West Shore Home admits only that plaintiff requests a jury trial.

## **AFFIRMATIVE DEFENSES**

West Shore Home's affirmative defenses set forth herein are based solely on plaintiff's allegations in the complaint. West Shore Home asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to the complaint's alleged cause of action. Insofar as any of the following expresses denial of an element of a claim alleged against West Shore Home or states a mere defense, that denial or mere defense does not indicate that plaintiff is relieved of her burden to prove each and every element of any such claim or that West Shore Home assumed any burden of proof. West Shore Home hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during,

for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional affirmative defenses that cannot now be articulated because, among other reasons, West Shore Home has not completed discovery.

1. The complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing under Article III of the United States Constitution and statutory standing under the TCPA because, among other reasons, she did not suffer any injury traceable to any conduct of West Shore Home because she provided her prior express written consent to receive the phone calls over which she is suing.

3. Plaintiff is barred from recovering because, on about May 9, 2025, she made an inquiry about the subject matter of the calls before receiving the calls over which she sues.

4. Plaintiff is barred from recovering because she provided her prior express written consent to receive the communications over which she sues. Among other things, plaintiff provided her express written consent on May 9, 2025, when she filled out the lead form provided to her counsel via letter from West Shore Home's counsel dated July 25, 2025.

5. Plaintiff is barred from recovering because West Shore Home has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed pursuant to 47 U.S.C. § 227(c)(5). Among other things, West Shore Home implemented practices and procedures to ensure it only makes marketing calls to persons who provide their prior express consent to receive them and/or who first make inquiry to request information from or about West Shore Home.

6. Plaintiff and some, or all, of the putative class members agreed to arbitrate their claims and/or to waive class claims. Plaintiff, for example, agreed to waive class claims and arbitrate all disputes associated with services associated with plaintiff providing her contact information to receive calls about the subject matter of the calls over which she is suing West Shore Home.

## **RESERVATION OF RIGHTS**

West Shore Home hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional affirmative defenses that cannot now be articulated because, among other reasons, West Shore Home has not completed discovery.

WHEREFORE, West Shore Home prays that:

A. Judgment be rendered in favor of West Shore Home and against plaintiff with respect to all counts and causes of action in the complaint;

B. The above-entitled action be dismissed in its entirety with prejudice;

C. Plaintiff takes nothing by reason of her complaint;

D. West Shore Home be granted its costs incurred in the connection with this lawsuit; and

E. For other such relief in West Shore Home's favor as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, West Shore Home demands a trial by jury on all issues so triable.

DATED: August 29, 2025

        Respectfully submitted,

        BUCHANAN INGERSOLL & ROONEY PC

By:    */s/ Thomas G. Collins*
        Thomas G. Collins, Esquire
        I.D. #75896
        Daniel S. Rothschild, Esquire
        I.D. #325800
        409 North Second Street, Suite 500
        Harrisburg, PA 17101
        Phone: (717) 237-4843
        Facsimile: (717) 233-0852
        Email: thomas.collins@bipc.com
        Email: daniel.rothschild@bipc.com

        Ari N. Rothman, Esquire (*pro hac vice*)
        VENABLE LLP
        600 Massachusetts Avenue NW
        Washington, D.C. 20001
        Phone: (202) 344-4220
        Email: anrothman@venable.com

        *Attorneys for Defendant West Shore Home, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was transmitted to the Court ***electronically*** for filing and for electronic service upon the following attorneys of record:

>Anthony I. Paronich, Esq. (*pro hac vice*)
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>
>Jeremy C. Jackson, Esq.
>BOWER LAW ASSOCIATES, PLLC
>403 South Allen Street, Suite 210
>State College, PA 16801
>
>*Counsel for Plaintiff*

Dated: August 29, 2025

>*/s/ Thomas G. Collins*
>Thomas G. Collins
>*Counsel for West Shore Home, LLC*