IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANCELYN WALKER, Individually and on behalf of a class of all persons and entities similarly situated;<br><br>        *Plaintiff*,<br><br>  v.<br><br>WEST SHORE HOME, LLC,<br><br>        *Defendant.* | Case No. 1:25-cv-01179-JFS<br><br>(Hon. Joseph F. Saporito, Jr.) |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

        **By plaintiff:**

Plaintiff Chancelyn Walker alleges that Defendant West Shore Home, LLC engaged in unlawful telemarketing in violation of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227. Despite Plaintiff's number being registered on the National Do Not Call Registry on March 15, 2025, Plaintiff alleges that Defendant initiated or caused at least twelve marketing calls in May 2025 promoting home improvement services. Plaintiff asserts that she did not provide consent or make an inquiry and also asked Defendant to stop calling. Plaintiff asserts these calls invaded her privacy, were made without permission, and are part of a broader pattern of unlawful marketing. Plaintiff seeks to represent a nationwide class of persons receiving more than one unsolicited telemarketing call despite their numbers being listed on the DNC Registry.

To be clear, the Plaintiff denies submitting any lead form on "a website" (which West Shore Home seems to concede is not their own), and instead simply received an unsolicited call from the Defendant.

**By defendant:**

West Shore Home denies all allegations of wrongdoing, denies that it violated the Telephone Consumer Protection Act, and denies that plaintiff or any putative class member is entitled to relief by reason of any allegations in the complaint and denies that the Court can or should certify a class. West Shore Home received prior express written consent to call plaintiff's number. West Shore Home has records reflecting that, on May 9, 2025 (the date that plaintiff alleges she received the first call over which she sues), plaintiff completed a lead form on a website and input her

name, telephone number, home address, and email address, and consented to receiving telemarketing calls and texts. West Shore Home therefore believes that discovery will show that plaintiff consented to receive the calls over which she is suing. Such consent, in turn, would override any placement of her phone number on the national Do-Not-Call Registry and vitiate her TCPA claim.

  **1.2** **The facts the parties <u>dispute</u> are as follows:**

- Whether Defendant's conduct violated the TCPA.

- Whether plaintiff consented to receive the calls over which she is suing.

- Whether West Shore Home established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations such that the safe harbor set forth in 47 U.S.C. § 227(c)(5) applies.

  **<u>agree</u> upon are as follows:**

- Plaintiff received contact promoting the Defendant's services in May 2025.

- Plaintiff's name is Chancelyn A. Walker.

- Plaintiff's cell phone number that received the calls over which she sues is (202) 469-9523.

- Plaintiff used and received the email address chancelynwalker@yahoo.com during all of May 2025.

- Plaintiff resided at 3214 Chesley Avenue, Baltimore MD 21234 during all of May 2025.

    **1.3   The legal issues the parties <u>dispute</u> are as follows:**

- Whether Defendant's conduct violated the TCPA.

- Whether Plaintiff can meet the burdens of Rule 23.

- Whether class certification is appropriate under Rule 23(b)(2) or 23(b)(3).

- Whether damages are available on a classwide basis.

    **agree upon are as follows:**

- The case arises under the TCPA and is subject to this Court's federal question jurisdiction.

- This action is brought as a putative class action under Fed. R. Civ. P. 23.

    **1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None at this time.

    **1.5   Identify any named parties that have not yet been served:** None.

    **1.6   Identify any additional parties that:**

    **plaintiff(s) intends to join:** None, although the Plaintiff may re-evaluate that position if discovery reveals that a third party physically dialed the call.

    **defendant(s) intends to join:** None.

    **1.7   Identify any additional claims that:**

    **plaintiff(s) intends to add:** None.

    **defendant(s) intends to add:** None.

**2.0     Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1     Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed: None.

**3.0     Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

After sufficient discovery, the Plaintiff intends to file a motion for class certification. West Shore Home intends to file a motion for summary judgment and might do so before plaintiff files her motion for class certification.

**4.0     Discovery**

    4.1     Briefly describe any discovery that has been completed or is in progress:

        **By plaintiff(s):** Plaintiff has commenced discovery following the 26(f) conference by serving interrogatories and document requests on Defendant.

        **By defendant(s):** Defendant has commenced discovery following the Rule 26(f) conference by serving interrogatories, requests for admission, and document requests on plaintiff.

    4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"): Each party will be deposed and each party will respond to interrogatories and document requests, which will include discovery related to the propriety of class certification and whether plaintiff consented to receive the calls over which she is suing. Discovery concerning consent may include third-party discovery on plaintiff's cell phone carriers and internet service providers.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:  West Shore Home has records reflecting that on May 9, 2025, the date that plaintiff alleges she received the first call over which she is suing, plaintiff completed a lead form on a website and input her name, telephone number, home address, and email address, and consented to receiving telemarketing calls and texts. Plaintiff later disclaimed this consent in a phone call with a West Shore Home representative on May 30, 2025, where she stated she was "not even online looking for anything" and that she was "just not online." West Shore Home will therefore seek through discovery to copy and image plaintiff's mobile and other devices used to access the internet to test the assertion that she was "just not online" as she asserted to West Shore, and that she "was not looking for anything" which West Shore interprets to mean that plaintiff was not looking for the services West Shore Home sells.  West Shore Home's counsel previously told plaintiff's counsel that it would be seeking this discovery in a letter dated July 25, 2025.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:  None.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s):  7        defendant(s):  7

    4.5.2 interrogatories to be served by:

        plaintiff(s): 25        defendant(s):  25

    4.5.3 document production requests to be served by:

        plaintiff(s):  30        defendant(s):  30

    4.5.4  requests for admission to be served by:

        plaintiff(s):  50        defendant(s):  50

4.6  Discovery of Electronically Stored Information

☒Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5.0  Protective Order**

5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

A proposed joint stipulated protective order is attached hereto.

5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: The parties do not dispute entry of a protective order.

**6.0  Scheduling**

6.1  Final date for joining additional parties:

Plaintiff:  December 2, 2025

Defendant:  December 2, 2025

6.2  Final date for amending pleadings:

Plaintiff:  December 2, 2025

Defendant:  December 2, 2025

6.3  All fact discovery commenced in time to be completed by: March 20, 2026

6.4  All potentially dispositive motions should be filed by: July 31, 2026

6.5  Reports from retained experts due:

  from plaintiff(s) by: <u>April 10, 2026</u>

  from defendant(s) by: <u>May 11, 2026</u>

6.6 Supplementations due: <u>May 25, 2026</u>

6.7 All expert discovery commenced in time to be completed by: <u>July 15, 2026</u>

6.8 This case may be appropriate for trial in approximately:  500 Days from the filing of this report.

6.9 Suggested Date for the final Pretrial Conference: <u>December 2026</u>

6.10 Trial

  6.10.1 Suggested Date for Trial: <u>December 2026</u>

## 7.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

**For plaintiff:**  Chancelyn Walker, Plaintiff, Ms. Walker can be contacted through Plaintiff's counsel.

**For defendant:**  B.J. Werzyn, Founder and CEO of West Shore Home, can be contacted through defendant's counsel.

## 8.0 Alternative Dispute Resolution ("ADR")

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use:  The parties agree to engage in mediation at the appropriate time, which they submit is the close of discovery.

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: N/A.

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: N/A.

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:  No.

All parties agree to jurisdiction by a magistrate judge of this court: No.

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The parties agree that a deadline should be set for the Plaintiff to file a motion for class certification and that the deadline should be July 31, 2026.

The parties also agree that initial disclosures and discovery may be served electronically only in accordance with Fed. R. Civ. P. 5(b)(2)(E).

**11.0    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.

For plaintiff: Anthony I. Paronich, 350 Lincoln St., Suite 2400, Hingham, MA 02043, 617-485-0018

☒ ECF User

For defendant: Ari N. Rothman, 600 Massachusetts Avenue NW, Washington, D.C. 20001, (202) 344-4220

☒ ECF User

Dated: September 15, 2025                      Respectfully submitted,

*/s/ Anthony I. Paronich*_____
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Attorneys for Plaintiff*

*/s/ Ari N. Rothman*_____
Thomas G. Collins, Esquire
I.D. #75896
Daniel S. Rothschild, Esquire
I.D. #325800
409 North Second Street, Suite 500
Harrisburg, PA 17101
Phone: (717) 237-4843
Facsimile: (717) 233-0852
Email: thomas.collins@bipc.com
Email: daniel.rothschild@bipc.com

Ari N. Rothman, Esquire (pro hac vice)
VENABLE LLP
600 Massachusetts Avenue NW
Washington, D.C. 20001
Phone: (202) 344-4220
Email: anrothman@venable.com

*Attorneys for Defendant West Shore Home, LLC*