### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHANCELYN WALKER, on behalf
of herself and others similarly situated

       Plaintiff,

   vs.

WEST SHORE HOME, LLC

       Defendant.

Case No. 1:25-cv-01179-JFS

(Judge Joseph F. Sapotito, Jr.)

FILED
WILKES BARRE
SEP 29 2025
PER _____
DEPUTY CLERK

## JOINT STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties Chancelyn Walker and West Shore Home, LLC, and any other persons or entities who become bound by this Protective Order by signifying their assent through execution of **Exhibit A** hereto, that the following Protective Order shall govern the handling of confidential and proprietary information produced by any party during this litigation, any related proceedings and/or appeals therefrom, if any.

### PROCEEDINGS AND INFORMATION GOVERNED

1.    The parties to this case may request or produce information involving confidential business information and trade secrets, the disclosure of which is likely to cause harm to the party producing such information. The parties may also produce

information that they are prohibited from producing under contract. Therefore, this Protective Order is made for good cause shown under Fed. R. Civ. P. 26(c) because each party seeks to protect the information governed by this Protective Order and because the disclosure of such information during discovery without this Protective Order could irreparably harm the party producing such information. *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking [the protective order]."). Such a Protective Order will also "aid the progression of litigation" and is within the Court's "inherent supervisory power." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). This Protective Order therefore governs any document, information, or other thing furnished by any party to any other party, including documents already produced in this action, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; production of documents; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings, documents, or things produced, given, or filed in this action that is designated by a party as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts,

abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### DESIGNATION AND MAINTENANCE OF INFORMATION

2.      For purposes of this Protective Order, the "Confidential Information" designation means that the document or information is not publicly known and is competitively sensitive or required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that has been disclosed to the public.

3.      Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL** to the document.  Documents and things produced during the course of this litigation within the scope of paragraph 2 above may also be designated by the receiving party as containing Confidential Information, in which case the receiving party shall notify the producing party by email of the designation and then, within ten (10) court days of such notification, re-produce the items by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL** to the document.  If the producing party disagrees with the

request by the receiving party, then the dispute resolution procedures set forth in the "Challenge to Designations" section of this Protective Order, paragraph 8, shall govern.

4.    For purposes of this Protective Order, the "Confidential Information – Attorneys Eyes Only" designation means that the document or information is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G).    Information designated as "Confidential Information – Attorneys Eyes Only" shall be limited to information that any party, including third parties, in good faith, believes to contain: (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing and/or sale of a party's goods or services; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) confidential business information; (f) past or current personnel or employee information; and (g) customer lists and customer information.

5.    Documents and things produced during the course of this litigation within the scope of paragraph 4 above, may be designated by the producing party as containing Confidential Information – Attorneys Eyes Only by placing on each page and each thing a legend, or otherwise conspicuously designating electronically

stored information, and by affixing the label **CONFIDENTIAL – ATTORNEYS EYES ONLY** to the document. Documents and things produced during the course of this litigation within the scope of paragraph 4 above may also be designated by the receiving party as containing Confidential Information – Attorneys Eyes Only, in which case the receiving party shall notify the producing party by email of the designation and then, within ten (10) court days of such notification, re-produce the items by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL – ATTORNEYS EYES ONLY** to the document. If the producing party disagrees with the request by the receiving party, then the dispute resolution procedures set forth in the "Challenge to Designations" section of this Protective Order, paragraph 8, shall govern.

6.    A party may designate information disclosed at a deposition as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, each party shall have ten (10) court days after receipt of the deposition transcript to designate, in writing to all other parties (including third parties) and to the court reporter, whether portions of the transcript are to be designated as "Confidential Information" or "Confidential Information – Attorneys Eyes Only,"

and identifying the pages and lines so designated. If no such designation is made at the deposition, the entire transcript shall be treated as Confidential Information – Attorneys Eyes Only for ten (10) court days following delivery of a final transcript. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript, and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

### INADVERTENT FAILURE TO DESIGNATE

7. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

### CHALLENGE TO DESIGNATIONS

8. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) court days after receipt of a challenge notice to advise the receiving party whether it will change the designation. If the parties are unable to reach agreement

after the expiration of such ten (10) court days, then the receiving party may seek, by no later than ten (10) court days after the expiration of the previous period, an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. At any time, a producing party may agree to withdraw a designation without a court order, in which case the parties may use the materials without any restrictions set forth in this Protective Order.

### DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

9.      Subject to paragraphs 10–11, information designated as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" may only be used by a party for purposes of preparation, trial, and appeal of this action. Confidential Information and Confidential Information – Attorneys Eyes Only may not be used by a party under any circumstances for any other purpose.

10.     Subject to paragraph 14 below, Confidential Information may be disclosed only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel; (c) outside counsel for

the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; (g) deposition witnesses who appear based on the document or testimony to have knowledge of the document designated as "Confidential Information"; (h) the Court, and any special masters or mediators appointed by the Court, under seal; (i) any private mediators utilized by the parties, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; and (j) any governmental or regulatory body as required by law.

11.     Subject to paragraph 14 below, Confidential Information – Attorneys Eyes Only may be disclosed only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party who has appeared in this action; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) in-house counsel; (d) supporting personnel employed by (c), such as paralegals, legal secretaries, data entry clerks, legal clerks,

8

and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; (g) deposition witnesses who appear based on the document or testimony to have knowledge of the document designated as "Confidential Information – Attorneys Eyes Only"; (h) the Court, and any special masters or mediators appointed by the Court, under seal; (i) any private mediators utilized by the parties, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; and (j) any governmental or regulatory body as required by law.

12.     Prior to disclosing Confidential Information or Confidential Information – Attorneys Eyes Only to a proposed expert, consultant, or employees, the party intending to make the disclosure must provide to the designating party a signed Agreement to Be Bound in the form attached as **Exhibit A**, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The designating party will thereafter have ten (10) court days from receipt of the Agreement to Be Bound to object to the production of the information to any

proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) court days constitutes approval. If the parties are unable to resolve any objection, the party intending to make the disclosure may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) court day objection period, unless that period is waived by the designating party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

13.    A person who is not authorized to receive or review material designated Confidential Information or Confidential Information – Attorneys Eyes Only may not be present during depositions during which such information is such discussed and must leave the deposition while such information is discussed.

## FILING DOCUMENTS WITH THE COURT

14.    A party in this action may not file any Confidential Information or Confidential Information – Attorneys Eyes Only in the public record without written permission from the designating party or a Court order secured after appropriate notice to all interested persons. If any party wishes to submit Confidential Information or Confidential Information – Attorneys Eyes Only to the Court, the submission must be filed in accordance with the applicable local rules of the

presiding judge for filing documents under seal, including L.R. 5.8 which requires that no documents shall be filed under seal unless authorized by an order of the court.

### NO PREJUDICE

15.    Producing or receiving Confidential Information or Confidential Information – Attorneys Eyes Only, entering into this Protective Order, and complying with the terms of this Protective Order, shall not: (a) operate as an admission by any party that any particular Confidential Information or Confidential Information – Attorneys Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of any party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of any party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of any party to apply to the presiding judge for further protective orders; (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; or (f) prejudice any party from objecting to the admissibility of any document or thing produced pursuant to this Protective Order.

## CONCLUSION OF LITIGATION

16.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the designating party all materials and documents containing Confidential Information or Confidential Information – Attorneys Eyes Only, and to certify to the designating party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product.

## REMEDIES

17.    This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b), and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18.    Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

## PRIVILEGED INFORMATION AND INADVERTENT PRODUCTION
## OF PRIVILEGED INFORMATION

19.    If a party discloses information in connection with the litigation that the party thereafter claims to be subject to any privilege or protection including the attorney-client privilege and attorney work product doctrine (the "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the producing party would otherwise be entitled to assert with respect to the documents and things containing and/or reflecting Privileged Information.

20.    Upon discovery of the inadvertent production of Privileged Information, the producing party must promptly notify the receiving party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure.  The notification shall explain why the Privileged Information is covered by the attorney-client privilege, attorney work product, and/or any other privilege applies.  Upon such notification, the receiving party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with paragraph 21—promptly notify the producing party that it will take reasonable efforts to identify and return, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

21.     If the receiving party contests the claim of attorney-client privilege or other privilege or protection, the receiving party must—within ten (10) calendar days of receipt of the notification referenced in paragraph 20—move the Court for an order finding that the material referenced in the notification does not constitute Privileged Information.  The party shall request to file this motion under seal. Pending resolution of such motion, the receiving party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed motion.

22.     A receiving party is under a good-faith obligation to notify the producing party upon identification of a document that reasonably appears on its face or in light of facts known to the receiving party to be potentially privileged. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  Failure by the receiving party to notify the producing party under this subsection where the receiving party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order.

23.     The parties may stipulate to extend the time periods set forth in paragraph 21 without further approval of the Court.

24.    The producing party retains the burden—upon challenge pursuant to paragraph 21—of establishing the privileged or protected nature of the Privileged Information.

25.    Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

26.    The parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information.   Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

### GENERAL PROVISIONS

27.    This Protective Order, and entering into it, may not be deemed a waiver by any party of its rights to object to any discovery request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, relevancy, or otherwise.   Thus, all parties shall retain all rights to object to any discovery or other request on any ground available to them under the law including the Federal Rules of Civil Procedure.

28.    Any party may apply for modification of this Protective Order upon reasonable notice to all other parties and after counsel for the party seeking modification has contacted counsel for the other party to attempt to resolve the issue through informal negotiation.

29.    If any person or entity not authorized by this Protective Order to receive material designated pursuant to this Protective Order as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" (collectively, "Protected Material") seeks disclosure of Protected Material from a party through lawful subpoena, demand by governmental authority, or other legal process, the party receiving that subpoena, demand, or legal process shall, within a reasonable time and unless prohibited by law or court order, notify by (a) e-mail and (b) overnight mail or hand delivery the party that produced or designated the Protected Material as to which disclosure is sought.  Provided that notice is properly sent to a party that produced or designated the Protected Material, it will be that producing or designating party's responsibility to object to or contest the subpoena, demand, or legal process.  The party receiving the subpoena shall not produce the Protected Material until the party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the party that produced or designated the Protected Material to obtain relief from the subpoena or order prior to the due date for compliance.  To

16

give the party that produced or designated the Protected Material an opportunity to

obtain such relief, the party from whom such Protected Material is sought shall not

make the disclosure before the actual due date of compliance set forth in the

subpoena or order, unless the party that produced or designated the Protected

Material waives compliance with this Protective Order prior to the due date or is

ordered by a court to make the production.

**STIPULATED AND AGREED ON THIS ___ DAY OF SEPTEMBER 2025:**

By: _____
   PARONICH LAW, P.C.
   Anthony I. Paronich
   350 Lincoln St., Suite 2400
   Hingham, MA 02043
   617-485-0018
   anthony@paronichlaw.com

   *Attorneys for Plaintiff*

By: */s/*_____
   Thomas G. Collins, Esquire
   I.D. #75896
   Daniel S. Rothschild, Esquire
   I.D. #325800
   409 North Second Street, Suite 500
   Harrisburg, PA 17101
   Phone: (717) 237-4843
   Facsimile: (717) 233-0852
   Email: thomas.collins@bipc.com
   Email: daniel.rothschild@bipc.com

   Ari N. Rothman (*pro hac vice*)
   **VENABLE LLP**
   600 Massachusetts Avenue NW
   Washington, District of Columbia 20001
   Tel: (202) 344-4000
   Fax: (202) 344-8300
   Email: anrothman@venable.com

   *Counsel for defendant*
   *West Shore Home, LLC*

SIGNED this 29th day of September, 2025.

Joseph F. Saporito, Jr.

HON. JOSEPH F. SAPORITO, JR.
UNITED STATES DISTRICT JUDGE

18

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHANCELYN WALKER, on behalf
of herself and others similarly situated

  Plaintiff,

  vs.

              Case No. 1:25-cv-01179-JFS

WEST SHORE HOME, LLC

              (Judge Joseph F. Saporito, Jr.)

  Defendant.

## AGREEMENT TO BE BOUND BY
## PROTECTIVE ORDER FOR THIRD PARTIES

I hereby affirm that:

Information, including documents and things designated as "Confidential Information" and/or "Confidential Information – Attorneys Eyes Only," as defined in the joint stipulated protective order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Information – Attorneys Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation.

I agree not to disclose Confidential Information or Confidential Information – Attorneys Eyes Only to persons, other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information or by order of the presiding judge.

**[For proposed experts]** I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

**[For proposed experts]** I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Information – Attorneys Eyes Only in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any

Confidential Information or Confidential Information – Attorneys Eyes Only are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

document was transmitted to the Court *via filing on the ECF system* for electronic

service upon all attorneys of record.


Dated: September 15, 2025


/s/

4